IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 3, 2015


**DEANNE G. RONEY v. LINDA F. NORDHAUS**

**Appeal from the Circuit Court for Smith County**
**No. 14CV92    Clara W. Byrd, Judge**

_____

**No. M2014-02496-COA-R3-CV – Filed December 30, 2015**
_____


This is an appeal from the entry of a five-year order of protection. The general sessions court entered an *ex parte* order of protection on behalf of the Appellee against the Appellant. After a hearing, the general sessions court entered a one-year order of protection. Appellant appealed this order to the Circuit Court for Smith County. After a hearing, the trial court concluded that Appellant had violated the previous order of protection and extended the order of protection to five years. Because the trial court did not make sufficient findings of fact to support its conclusion that Appellant violated a previous order of protection, we conclude the trial court did not meet the requirements of Tennessee Rule of Civil Procedure Rule 52.01. Accordingly, we vacate the trial court's judgment and remand.

**Tenn. R. Civ. Pro. 3 Appeal as of Right; Judgment of the Circuit Court is Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and W. NEAL MCBRAYER, J., joined.

Tillman W. Payne, Carthage, Tennessee, for the appellant, Linda F. Nordhaus.

Charlene Robin Vance, Watertown, Tennessee, for the appellee, Deanne G. Roney.


**OPINION**


1

## I. Background

On September 15, 2014, Deanne Roney ("Appellant") filed a petition on behalf of herself and her minor children in the General Sessions Court of Smith County for an order of protection against Linda Nordhaus ("Appellee"). Mrs. Roney's petition alleged that Ms. Nordhaus had stalked her and that, among other things, Ms. Nordhaus made posts on social media that made her fearful for her and her children's safety. On September 26, 2014, the general sessions court granted the petition and entered an *ex parte* order of protection. On October 9, 2014, following a hearing, the general sessions court entered a one-year order of protection. On October 16, 2014, Ms. Nordhaus appealed the general sessions court's order to the Circuit Court for Smith County ("trial court"). On November 14, 2014, the trial court conducted a hearing on the order of protection, and, on the same day, entered an order of protection against Ms. Nordhaus. The trial court extended the order of protection to five years from its date of entry based on its conclusion that Ms. Nordhaus had violated the existing order of protection. Ms. Nordhaus filed her appeal on December 12, 2014.

## II. Analysis

Although Appellant raises several issues on appeal, we do not reach the substantive issues due to the fact that the trial court did not make sufficient and relevant findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Tennessee Rule of Civil Procedure 52.01 states that "In all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added). Prior to July 1, 2009, trial courts were not required to make findings of fact and conclusions of law unless requested by the parties. *See Poole v. Union Planters Bank N.A.*, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010). Rule 52.01 now mandates that trial courts make findings of fact and conclusions of law regardless of the parties' request.

This requirement is not a "mere technicality." *See Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." *Lovlace v. Copley*, 418 S.W.3d 1, 34 (Tenn. 2013). "There is no bright-line test by which to assess the sufficiency of factual findings, but 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Lovlace*, 418 S.W.3d at 35 (citing 9C CHARLES WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURES § 2571 at 219-233 (3d ed. 2005)).

The November 14, 2014 order of protection is a form order. Under the heading

"Findings About Abuse," the trial court checked the box that its findings were that the Appellee "Did the things listed in the Petition and the court adopts these as facts and incorporates them by reference." The facts set out in the petition, as written by the Appellee, are as follows:

> [Appellant] continues to harass me via media. She has made threats to my job and to harm me and my family physically. She has been banned from my workplace for harassment. My fears are new because of the communications made to me on Thursday, then to my attorney Robin Moore over the weekend. She has mentioned via letter to my attorney that she has previously been convicted and received a 14-year sentence involving her 2 children in another state. She was found guilty with mental illness. I am now scared for my safety and the safety of my family. She has posted recent things such as pictures of my children & family. She makes statements about my 2 year old son on the internet. This makes me fearful for my children's safety. In the past year she has shown up at my workplace making threating statements toward me.

Based upon these facts, the trial court concluded that the Appellant had violated an existing order of protection and checked the box that indicated the order would end "In 5 years (1st violation of current [Order of Protection])." An order of protection lasting five years can only be entered if there is a finding that the respondent has violated a previously-entered order of protection. *See* Tenn. Code Ann. § 36-3-605(d). The trial court's order also required Appellant to attend eight mental health counseling sessions and awarded Appellee $4,000 in attorney's fees.

The problem in this case is that the trial court merely adopts the facts as stated by Appellant in her initial filing in the general sessions court. Because those facts are not relevant to the question of whether Appellant violated an existing order of protection, the imposition of the five-year term is not supported by sufficient, relevant findings. The trial court would need to make findings as to how the Appellant violated the existing order of protection. The requirement that Appellant attend mental health counseling and pay the Appellee's attorney's fees are also not supported by sufficient, relevant findings. In the absence of such findings, we cannot determine from the trial court's order the "steps by which the trial court reached its ultimate conclusion[s]" regarding whether Appellant violated an existing order of protection, whether the Appellant needs mental health counseling, or whether the Appellant should pay the Appellee's attorney's fees. Accordingly, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01.

Appellant argues that, because we have concluded the trial court did not comply with Rule 52.01, the case should be dismissed. However, when a trial court's order fails to meet

the requirements of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" **Hardin**, 2012 WL 6727533 at \*5 (quoting **Lake v. Haynes**, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at \*1 (Tenn. Ct. App. June 9, 2011)). Because the trial court did not comply with Rule 52.01, we vacate the judgment of the trial court *in toto* and remand the cause with instructions to issue an order in compliance with Tennessee Rule of Civil Procedure 52.01.

## V. Conclusion

For the foregoing reasons, we vacate the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Linda F. Nordhaus, and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE